UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YARITZA LOPEZ,

Plaintiff,

-against-

VEORIDE, INC.,

Defendant.

CIVIL CASE NO: ____________

**NOTICE OF REMOVAL TO FEDERAL COURT**

Defendant, VEORIDE, INC. ("Defendant" or "VeoRide"), hereby removes to this Court the state action described below. Removal is warranted under 28 U.S.C. § 1441 because this is an action over which this Court has original jurisdiction under 28 U.S.C. § 1332.

## I. RELEVANT BACKGROUND

1. Plaintiff YARITZA LOPEZ ("Plaintiff") brought this personal injury action against Defendant by filing a Summons and Complaint in the Supreme Court of the State of New York, County of Bronx, on or about May 13, 2026 under Index Number 809479/2026E. A copy of Plaintiff's Summons and Complaint was served on VeoRide, Inc. on or around May 18, 2026, via service on the New York Secretary of State. *See* Declaration of Kelly Jones Howell in Support of Notice of Removal under 28 U.S.C. § 1441(b) (Diversity) of Defendant (hereinafter "Howell Decl.") ¶ 2 and a true and accurate copy of the Summons and Complaint annexed thereto as **Exhibit A**.

2. According to Plaintiff's Complaint, this case arises out of Plaintiff's use of a electric scooter, and the alleged injury Plaintiff sustained during the use of same on September 18, 2023. *Id*. at ¶¶13-14. Plaintiff alleges Defendant was negligent in the design, manufacture, distribution, maintenance, inspection and/or rental of a scooter. *See generally Id.*

3. Defendant VeoRide, Inc. filed its Verified Answer to the Complaint on or about July 2, 2026. Howell Decl., ¶ 3 and Verified Answer annexed thereto as **Exhibit B**.

4. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and because Defendants have satisfied the procedural requirements for removal.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§ 1332 & 1441.

4. This Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. 1332 because (i) it is between "[c]itizens of different States;" and (ii) the "matter in controversy exceeds the sums or value of $75,000, exclusive of interests and costs."

### A. DIVERSITY OF CITIZENSHIP

5. Plaintiff Yaritza Lopez (hereinafter as "Plaintiff") at the time this action was commenced and all other relevant times, was a resident and citizen of the State of New York, County of Bronx. *See* Howell Decl., Exhibit A, ¶ 1.

6. Defendant is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its headquarters and principal place of business in Santa Monica, California. *See* Howell Decl. at ¶ 4. Therefore, Defendant is a citizen of Delaware and California for the purposes of diversity. 28 U.S.C. § 1332(c)(1).

### B. AMOUNT IN CONTROERSY

7. It was not apparent from the face of the Complaint that Plaintiff seeks an amount in controversy in excess of $75,000, exclusive of interest and costs, because Plaintiff did not specify the damages sought against Defendants or the severity of the alleged injury in the Complaint. *See* Howell Decl., ¶ 6; *see also generally* Exhibit A.

8. Accordingly, since it was not readily apparent this matter was removable on the

face of the Complaint, Defendant filed its Answer in the Supreme Court of the State of New York, Bronx County denying all liability on July 2, 2026. *See* Howell Decl., ¶ 7 and a true and accurate copy of Defendant's Answer annexed thereto as **Exhibit B**.

9. In order to ascertain the amount of damages sought by Plaintiff, concurrent with its Answer, Defendant served *inter alia served* upon Plaintiff a Supplemental Demand for Damages, dated July 2, 2026, pursuant to New York CPLR 3017(c) and a Demand for Verified Bill of Particulars. *See* Howell Decl., ¶ 8 and a true and accurate copy of Defendants' Demand for Supplemental Damages and Demand for Bill of Particulars annexed thereto as **Exhibit C**.

10. Plaintiff did not respond to the Supplemental Demand for Damages but provided a Verified Bill of Particulars claiming to have incurred over $51,000 in past medical expenses and over $75,000 in wage loss as a result of her claimed injuries, on or around September 18, 2026. *See* Howell Decl., ¶ 9 and a true and accurate copy of Plaintiff's Verified Bill of Particulars annexed thereto as **Exhibit D** at ¶¶ 22 and 24.

11. Defendant initially did not know whether Plaintiff sought damages in excess of $75,000, and in fact, Defendant could not reasonably ascertain whether Plaintiff sought damages in excess of $75,000 because Plaintiff did not specify the damages sought against Defendant or the severity of the alleged injury in either the Complaint. *See* Howell Decl., ¶ 5-6.

12. Notwithstanding, since on or around September 18, 2026 Plaintiff served a Bill of Particulars setting forth damages in excess of the Amount in Controversy, it is now evident that the Amount in Controversy is satisfied. *See* Howell Decl., ¶ 10; *Yonkosky v. Hicks*, 409 F. Supp. 2d 149, 157 (W.D.N.Y. 2005) ("where the pleadings themselves are inconclusive as to the amount in controversy ... federal courts may look outside those pleading to other evidence in the record."); *see also Elzoghary,* 2023 WL 6121800, at *3 (providing that the appropriate procedure for

ascertaining the amount in controversy in New York State court is a supplemental demand for damages consistent with New York CPLR 3017).

13. It was not until on or about September 2, 2026 when Plaintiff set forth her claimed damages in writing, that Defendant was first able to ascertain that Plaintiff's alleged damages exceed $75,000 within a "reasonable probability" as required by 28 U.S.C. 1332(a). *See* Howell Decl., ¶ 10; *United Food & Commercial Workers Union Local 919, AFL-CIO v. Center Mark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d. Cir. 1994); *accord Young v. United Parcel Service General Services Co.*, No. 11-CV-4105 (DLI)(RER), 2012 WL 847574 at *1 (E.D.N.Y. Mar. 12, 2012) (amount in controversy satisfied where Plaintiffs seek damages in excess of $75,000).

14. Therefore, on or about September 2, 2026 was the first day Defendant became aware this matter was eligible for removal pursuant to 28 U.S.C. § 1332. *See* Howell Decl., ¶ 10; *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 145 (2d Cir. 2014) ("the removal clocks of 28 U.S.C. § 1446(b) are not triggered until the plaintiff serves the defendant with an initial pleading or other document that explicitly specifies the amount of monetary damages sought or sets forth facts from which an amount in controversy [] can be ascertained."); *F.W. Myers & Co. v. World Projects Int'l, Inc.*, No. 96-CV-0763, 1996 WL 550135, at *3 (N.D.N.Y. Sept. 19, 1996) ("the 30–day time limitation had begun when defendant had 'first ascertained' that the amount in controversy limit was exceeded.").

## III. PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.

15. No earlier than September 2, 2026 Defendant first learned that Plaintiff seeks damages in excess of $75,000. *See* Howell Decl., ¶ 10.

16. Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) because Defendants filed this

Notice of Removal with this Court within thirty (30) days of learning this matter was eligible for removal pursuant to 28 U.S.C. § 1332. *See id.*; *Cutrone*, *at* 143 ("If removability is not apparent from the allegations of an initial pleading or subsequent document, the 30–day clocks of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered.").

17. Defendant demands a jury trial.

18. A copy of this Notice of Removal is being filed in the Supreme Court of the State of New York, County of Bronx, and delivered to Plaintiff's counsel of record. *See* Notice of Filing Notice of Removal to State Court annexed to the Howell Decl. as **Exhibit E**.

19. By removing this action to this Court, Defendants do not waive any defenses, objections, or motions available to it under state or federal laws. Defendants expressly reserve the right to move for dismissal of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE Defendant VEORIDE, INC. prays that the above-styled action now pending against it in the Supreme Court of the State of New York, County of Bronx, be removed therefrom to this Honorable Court, the United States District Court for the Southern District of New York.

Dated: New York, New York
September 28, 2026

**HARRIS BEACH MURTHA CULLINA PLLC**



______________________________

Kelly Jones Howell, Esq.
Rebecca A. Leder, Esq.
*Attorneys for Defendants*
*VEORIDE, INC.*
100 Wall Street, 23rd Floor
New York, New York 10005

Telephone: (212) 687-0100
Fax: (212) 687-0659